JoAnn FONZONE a/k/a Judy
McGrath, Appellant

v.

TRIBUNE CORP., Kevin Amerman, The
Morning Call Newspaper, Tim Ryan
and Christine Schiavo, Appellees.

Superior Court of Pennsylvania.

Submitted June 6, 2012.

Filed Aug. 31, 2012.

JoAnn Fonzone, appellant, pro se.

Amy B. Ginesky, Philadelphia, for appellees.

BEFORE: STEVENS, P.J., LAZARUS
and COLVILLE*, JJ.

OPINION BY COLVILLE, J.:

■ This is a *pro se* appeal from the order which sustained preliminary objections filed by Appellees and dismissed Appellant's Amended Complaint. We affirm.

When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt.... Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

*Schiavone v. Aveta,* 41 A.3d 861, 865 (Pa.Super.2012) (citation omitted).

■ Appellees filed preliminary objections on, among other bases, a lack of proper service. Appellant responded to this claim by asserting that she had complied with the service requirements of Pa. R.C.P. 402 and 404; however, she provided no proof to support her assertions. We note that Rule 402, which discusses the

---

* Retired Senior Judge assigned to the Superior Court.

manner of service, does not supplant Rule 401, which requires service to be made by a sheriff in most instances. On appeal, Appellant argues that she did obtain the services of a sheriff to serve the complaint. There is no citation to the record to support her claim, in violation of Pa.R.A.P. 2119(c); however, it appears that the sheriff's involvement arose after the dismissal of the complaint. Appellant's argument, which consists solely of bald and vague assertions of her right to relief, simply fails to persuade us that the trial court erred in dismissing the complaint for lack of service.[1]

We note that Appellant's alternative argument, that service deficiencies are irrelevant where Appellees in fact had the complaint, is unavailing. As our Supreme Court has explained:

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her.

*Cintas Corp. v. Lee's Cleaning Servs.*, 549 Pa. 84, 700 A.2d 915, 917–18 (1997).

Order affirmed.

---

1. We need not address the second basis for the trial court's dismissal of the complaint.