J-A20034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOMENIC TRICOME, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL LaRIVIERE, GMP | : | |
| NUTRACEUTICALS, INC., | : | |
| | : | |
| Appellees | : | No. 3161 EDA 2013 |

Appeal from the Order entered on October 4, 2013
in the Court of Common Pleas of Chester County,
Civil Division, No. 2012-04325

BEFORE: FORD ELLIOTT, P.J.E, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 27, 2014**

Domenic Tricome ("Tricome") appeals, *pro se*, from the Order dismissing his Complaint against Paul LaRiviere ("LaRiviere") and GMP Nutraceuticals, Inc. (collectively "the Appellees"). We affirm.

Tricome filed a Complaint against the Appellees alleging that LaRiviere, formerly a vice-president of All the Whey, Inc., committed bank fraud, embezzlement, stock fraud, fraud, and breach of contract. Tricome, who founded in part and directed All the Whey, Inc., further alleged that LaRiviere's actions caused the destruction of the company and the depletion of Tricome's wealth. Tricome served the Complaint via "Federal Express Ground – Signature Required."

The Appellees filed Preliminary Objections requesting dismissal of the Complaint for improper service. The trial court granted the Appellees'

Preliminary Objections and dismissed the Complaint. Tricome filed a timely

Notice of Appeal.

On appeal, Tricome raises the following questions for our review:

1.     If a plaintiff does not have the money to pay for service of the [C]omplaint by a sheriff due to the defendant's acts, and if the defendant signed for receipt of the [C]omplaint by a carrier other than a sheriff, and if the defendant states in the preliminary objections that they received the [C]omplaint, is the service of the complaint valid?

2.     If a plaintiff does not have the money to pay for a lawyer due to the defendant's acts, and if most people would understand the [C]omplaint, should the [C]omplaint be allowed to be amended?

3.     If the trial court judge in two almost identical lawsuits makes two opposite decisions within weeks, should the Superior Court of Pennsylvania automatically grant the [a]ppeal?

Brief for Appellant at 1-2.[1]

In his first claim, Tricome contends that the trial court erred when it

sustained Appellees' Preliminary Objections for improper service of the

Complaint, as he could not afford service by a sheriff. *Id*. at 3. Tricome

also contends that the Rule requiring service by sheriff is outdated. *Id*.

Further, Tricome argues that service by sheriff should not be required

because the intention of the Rule is simply that the complaint is received.

*Id*.

---

[1] We note that Tricome's Argument section is inconsistent with the questions raised in the Statement of Questions, in violation of Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2116(a); Pa.R.A.P. 2119(a). However, we will address the claims as argued in the Argument section.

J-A20034-14

Our standard of review on these matters is well settled:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

[] When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 162 (Pa. Super. 2013).

Our Rules of Civil Procedure require that "original process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. 400(a).

Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917-918 (Pa. 1997) (citations omitted).

Here, Tricome concedes that service of process was delivered by Federal Express Ground and by email and not by the sheriff. Brief for Appellant at 2. Further, this Court has rejected an argument that "service

- 3 -

deficiencies are irrelevant where [a]ppellees in fact had the complaint[.]" **Fonzone v. Tribune Corp.**, 52 A.3d 375, 376 (Pa. Super. 2012). Thus as Tricome did not properly serve the Appellees, the trial court did not err in dismissing Tricome's Complaint.

In his second claim, Tricome contends that the trial court should have allowed him to amend his Complaint because it would not prejudice the Appellees. Brief for Appellant at 3. Tricome states that the trial court allowed him to amend his Complaint in a separate case, where he had failed to provide proper service of his Complaint. **Id**.

Initially, Tricome has failed to present any case law in support of his argument. **See** Pa.R.A.P. 2119(a); **see also Lackner v. Glosser**, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citing Pa.R.A.P. 2119 for rule that failure to cite pertinent authority results in waiver). In any event, Tricome never sought to file an amended complaint after the Appellees filed the Preliminary Objections. **See** Pa.R.C.P. 1028(c)(1) (stating that "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections."). Thus, we cannot grant Tricome relief on his second claim.

In his third claim, Tricome argues that, because he was allowed to amend his complaint in a similar case against other defendants, this case should be consolidated with that case. Brief for Appellant at 3-4.

Again, Tricome has not demonstrated by pertinent analysis or citation to relevant authority that the two cases should be joined. **See** Pa.R.A.P. 2119(a); **see also Lackner**, 892 A.2d at 29-30. Indeed, Tricome only states that the cases involve "almost identical allegations," that "[p]eople would testify against [the Appellees,]" and that the Appellees "greatly impacted" the other case. Brief for Appellant at 3. Based upon Tricome's undeveloped argument, we cannot grant him relief on his third claim. **See Miller v. Miller**, 744 A.2d 778, 788 (Pa. Super. 1999) (stating that "[i]t is the [a]ppellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law.") (citation omitted).[2]

Order affirmed. Motion to Dismiss Tricome's Appeal denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014

---

[2] To the extent Tricome raises any additional claims, he is not entitled to relief.

- 5 -