J-A28032-19

2019 PA Super 367

| | | |
|---|---|---|
| SHARON FRICK, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TODD FRICK, DECEASED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| FUHAI LI, M.D., NEUROLOGY AND PAIN MANAGEMENT CENTER, PC, Y. BARRY KURTZER, M.D., AND GREENTOWN MEDICAL ASSOCIATES, PC | : : : : : : : : | No. 927 EDA 2019 |
| APPEAL OF: FUHAI LI, M.D. AND NEURLOGY AND PAIN MANAGEMENT CENTER, PC | : : : : | |

Appeal from the Order Entered March 8, 2019
In the Court of Common Pleas of Pike County Civil Division at No(s):
547-2017

BEFORE:   PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED DECEMBER 23, 2019**

Defendants Fuhai Li, M.D., and Neurology and Pain Management Center, PC (hereinafter collectively "Appellants") appeal from the Order entered in the Court of Common Pleas of Pike County on March 8, 2019, overruling in their entirety Appellants' Preliminary Objections, and in particular their Motion to Dismiss for Failure to Serve Complaint contained therein, to the Fourth Amended Complaint of Plaintiff Sharon Frick, Individually and as

_____

* Former Justice specially assigned to the Superior Court.

Administratrix of the estate of Todd Frick, deceased (hereinafter "Appellee").

Following a careful review, we affirm.[1]

The trial court set forth the relevant facts and brief procedural history herein in its Opinion Submitted Pursuant to Pennsylvania Rule of Appellate Procedure 1925 as follows:

> [Appellee] initiated this case by filing a Writ of Summons on April 27, 2017. [Appellee] is asserting a professional liability claim against Fuhai Li, M.D. ("Defendant Li"). [Appellee] avers that Defendant Li was in charge of or responsible for the decedent and [Appellee's] husband, Todd Frick. [Appellee] avers that her husband was being treated at Defendant Li's facility for chronic pain treatment and/or neurological medical needs. [Appellee] avers that her husband had a history of back pain associated with bulging or herniated discs. [Appellee] avers that Defendant Li prescribed certain medications to her husband, including but not limited to: Vicodin, Morphine, Flexeril, Hydrocodone, Contin, and Oxycodone. [Appellee] avers that Defendant Li directly, through various acts and omissions, caused [Appellee's] husband to

---

[1] Pa.R.A.P. 311(b) reads, in pertinent part, as follows:

(a) *General rule*. – An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from: . . .
(b) *Order sustaining venue or personal or in rem jurisdiction*.- An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if: . . .
        (2) the court states in the order that a substantial issue of venue or jurisdiction is presented.

Pa.R.A.P. 311(b).

In its March 8, 2019, Order, the trial court granted Appellants' Motion for Amendment of its June 6, 2018, Order and amended the same to include the following language required by Pa.R.A.P. 311(b)(2) so as to permit an interlocutory appeal as of right: "A substantial issue of venue or jurisdiction is presented."

become addicted to the prescribed controlled substances and breached the standards of care in his professional field. [Appellee's] husband died on May 1, 2015.

[Appellee] filed a Praecipe for Writ of Summons on April 27, 2017. Attorney Kevin P. Milazzo, counsel for Defendant Li, filed both an entry of appearance and a Praecipe to Rule Plaintiff to File Complaint on May 23, 2017. The initial Complaint in this matter was filed on June 14, 2017, and the controlling Fourth Amended Complaint was filed on December 4, 2017. [Appellants] filed Preliminary Objections to [Appellee's] Fourth Amended Complaint on December 21, 2017. This [c]ourt deferred a ruling on the Preliminary Objections until we issued a ruling on Defendant Li's Motion to Dismiss, which was filed on December 7, 2017.

We denied the Motion to Dismiss on June 6, 2018. We determined that [Appellee] had engaged in a good faith attempt to serve Defendant Li and to move this case forward and that [Appellee] had demonstrated that her efforts at service were reasonable. On December 13, 2018, [Appellants] filed a Motion for Amendment of the Order dated June 6, 2018.

On March 8, 2019, we granted the Motion for Amendment. We noted in our Order:

> "While we stand by our Order denying [Appellants'] Motion to Dismiss, we nevertheless recognize that [Appellants] have presented a substantial issue of jurisdiction and are entitled to interlocutory appeal. As noted by our Supreme Court, "It is extremely unlikely that the loser court will find it likely that its Order will be reversed on the merits. On the other hand, there are ample instances when the loser tribunal could find that the appellant has presented a substantial case on the merits even though it disagrees." *Pennsylvania Public Util. Commission v. Process Gas Consumers Group*, 467 A.2d 805, 809 (Pa. 1983). We recognize that [Appellants] have presented a substantial question of jurisdiction even though we may disagree with [Appellants'] ultimate conclusion.

On March 20, 2019, [Appellants] filed a Notice of Appeal to the Superior Court as to this [c]ourt's Order dated March 8, 2019 amending the Order of June 6, 2018. On March 21, 2019, this [c]ourt ordered that [ ] Appellants file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days

from the date of the Order. [ ] Appellants filed their Concise Statement on April 10, 2019.

Trial Court Opinion filed 5/16/19, at 1-3.

In their concise statement of errors complained of on appeal, Appellants raise seven (7) claims, each of which pertains to service. In their appellate brief, Appellants present a single issue for this Court's review:

Whether the [t]rial [c]ourt erred/abused its discretion in denying [Appellants'] Motion to Dismiss the case against them for lack of service, where [Appellee] did not make "good faith efforts" to serve them for eight months after the statute of limitations had expired; where [Appellee] persistently attempted service at a wrong address during that time, and never tried to serve Appellants at an address that she herself recited in her five complaints, and that was conspicuously marked with [Appellants'] names; and where [Appellants] put [Appellee] on notice of lack of service in five sets of Preliminary Objections?

Brief of Appellant at 4.

This Court's standard of review of a trial court's order denying preliminary objections is well-settled: we will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of a claim or dismissal of a suit, preliminary objections will be sustained only where the case is free and clear of doubt. ***Brosovic v. Nationwide Mutual Insurance***, 841 A.2d 1071, 1073 (Pa.Super. 2004) (citation omitted). "An abuse of discretion may not be found merely because [this Court] might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such

lack of support as to be clearly erroneous." ***Hoy v. Angelone***, 544 Pa. 134, 148, 720 A.2d 745, 752 (1998) (citation omitted). "It is not an abuse of the trial court's discretion to enforce the rules of civil procedure, even when the result has a serious adverse effect on the party violating the rules[.]" ***Paden v. Baker Concrete Construction***, 540 Pa. 409, 414, 658 A.2d 341, 344 (1995).

A defendant may file a preliminary objection on the basis that the plaintiff did not serve the complaint properly. Pa.R.C.P. 1028.

> When a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence. The burden of proof only shifts to the plaintiff after the defendant has presented affidavits or other evidence in support of its preliminary objections challenging jurisdiction.

***Trexler v. McDonald's Corp.***, 118 A.3d 408, 412 (Pa.Super. 2015). (quotation marks and citations omitted). The defendant's burden may be met by filing verified preliminary objections. ***Gall v. Hammer***, 617 A.2d 23, 24 (Pa.Super. 1992).

While the Pennsylvania Rules of Civil Procedure require that original process be served within thirty days of the filing of a complaint, ***see*** Pa.R.C.P. 401(a), a complaint may be reinstated "at any time and any number of times." Pa.R.C.P. 401(b)(2).[2] However, while the mere filing of a complaint is

---

[2] In addition, Pennsylvania Rule of Civil Procedure 405 addresses non-service of original process as follows:

sufficient to toll an applicable statute of limitations, such an action does not preserve claims in perpetuity. *See Lamp v. Heyman*, 469 Pa. 465, 471, 478, 366 A.2d 882, 885, 889 (1976). For a complaint to remain effective, a plaintiff must "refrain [ ] from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.*, at 478, 366 A.2d at 889 (footnote omitted). Further, "a plaintiff should comply with local practice as to the delivery of the [complaint] to the sheriff for service." *Id.*

"*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 593, 511 A.2d 757, 759 (1986).

---

(a)   When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

\* \* \*

(e) The return of service or of no service shall be filed with the prothonotary.

\* \* \*

(g) The sheriff upon filing a return of service or of no service shall notify by ordinary mail the party requesting service to be made that service has or has not been made upon a named party.
Pa.R.C.P. 405(a), (e), (g). In other words, notice of service or non-service must be promptly filed. *Id.*; *see also* Pa.R.C.P. 401 (stating that original process must be served within thirty days after issuance of the writ).

Significantly, simple neglect or a plaintiff's mistake in failing to fulfill the responsibility that the requirements for service are met may be sufficient to violate the good faith standard set forth in *Lamp*; thus, it is not necessary for a plaintiff's conduct to constitute bad faith or an overt attempt to delay before the rule of *Lamp* will apply. *Bigansky v. Thomas Jefferson University Hosp.*, 658 A.2d 423, 434 (Pa.Super. 1995), *appeal denied*, 668 A.2d 1119 (Pa. 1995).

What constitutes a "good faith" effort to serve legal process is a matter to be assessed on a case-by-case basis. *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 796 (Pa.Super. 1999), *appeal denied*, 739 A.2d 1058 (1999); *see also Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122, 124-25 (Pa.Super. 2007) (stating that "[a]lthough there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts [to effectuate service] were reasonable."); *accord McCreesh v. City of Philadelphia*, 585 Pa. 211, 224, 888 A.2d 664, 672 (2005). "In each case, where noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." *Id.* To this end, "evidentiary determinations are required." *Id.*

In *McCreesh*, our Supreme Court further clarified *Lamp* by specifying that where a defendant has actual notice of an action, dismissal for lack of service will be appropriate "where plaintiffs have demonstrated an intent to

stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." **McCreesh** at 227, 888 A.2d at 674. Therefore, **McCreesh** couches its language under the presumption that a plaintiff has supplied a defendant with actual notice. **Id**. "Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice." The determination as to whether a plaintiff acted in good faith lies within the sound discretion of the trial court. **Id**. at 672.

Later, in **Englert**, **supra**, this Court established that mere notice from a plaintiff to a putative defendant that there was a *potential* for litigation was insufficient under **McCreesh**. **Englert**, 932 A.2d at 127. In that case, the plaintiffs filed a praecipe for writ of summons, and service was attempted but never effectuated. **Id.** at 126. After five months of inactivity, the plaintiffs were notified by defendants' insurance company that the statute of limitations would expire, and approximately two weeks after that notice, the statute of limitations expired prior to service being effectuated. **Id**. Quoting **McCreesh**, this Court found that the appellant's inaction had "demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused." **Id**. at 127, citing **McCreesh** at 227, 888 A.2d at 674. We concluded that an inordinate amount of time had elapsed without any effort to perfect service, actual notice of the

commencement of litigation had not been provided within the applicable statute of limitations, and the trial court did not abuse its discretion by granting summary judgment in favor of the defendant. *Id.*, at 127-28.

In addition, in *Ferrara v. Hoover*, 636 A.2d 1151 (Pa.Super. 1994), the plaintiff filed a writ of summons but did not serve it contemporaneously on the defendants. The plaintiff ultimately reissued the writ and served the same six months later, after the statute of limitations had expired. The defendants succeeded in dismissing the lawsuit based on untimely service. *Id*. at 1151-52. The plaintiff appealed, arguing that when he filed the writ initially, he assumed the prothonotary would forward it to the sheriff for service." *Id* at 1152. Insisting he did not act in bad faith, plaintiff asserted that because either the sheriff or the prothonotary had been at fault, the trial court erred in dismissing the lawsuit. *Id.* The trial court disagreed and held that although the plaintiff's "counsel did not actively attempt to thwart service of the writ, he also did not take any affirmative action to see that the writ was served and to put the defendant[s] on notice that an action had been filed against [them.]" *Id.*

Instantly, because Appellants filed verified preliminary objections, the burden shifted to Appellee to establish that she made a good faith, reasonable effort to effectuate service. *See McCreesh*, 888 A.2d at 672; *Englert*, 932

A.2d at 124-25.[3]  Appellants assert that contrary to the trial court's decision, Appellee did not satisfy **Lamp** and its progeny to do so.  Appellants maintain that Appellee persistently and unsuccessfully attempted service for more than eight months at an address and waited for over seven months to ask the trial court to permit alternative service, although she was aware of an alternative address where Appellants could be found and served.  Brief of Appellant at 27.  As a result of the alleged intentional delay in perfecting service, Appellants posit the trial court erred and/or abused its discretion in refusing to dismiss the instant matter with prejudice for lack of service.  **Id**. at 31.

Following a hearing held on March 26, 2018, the trial court entered its June 6, 2018, Order denying Appellant's Motion to Dismiss.  In doing so, the court determined that Appellee had demonstrated good faith efforts to serve Appellants with the Complaint.

_____

[3] Counsel for Appellants filed a "Praecipe for Entry of Appearance and Jury Trial Demand" which is dated May 23, 2017, and time-stamped June 7, 2017. They served the same on counsel for Appellee and for co-Defendant on May 23, 2017; however the filing of an entry of appearance form under Pa.R.C.P. 1012 has never been construed as waiving defects in service. Indeed, this Court expressly has stated that, "[a] defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." **Fleehr v. Mummert**, 857 A.2d 683, 685 (Pa.Super.2004) (citation and quotation marks omitted).

In its Rule 1925(a) Opinion, the trial court further clarified the reasoning underlying its June 6, 2018, Order as follows:

> We extensively analyzed the body of case law that had been developed on this issue in our June 6, 2018, Order. See *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976; *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757 (Pa. 1986); *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792 (Pa.Super. 1999)[;] *Witherspoon v. City of Philadelphia*, 564 Pa. 388 (Pa. 1999); *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), and; *Johnson v. Austin*, 2017 Pa.Super. Unpub. LEXIS 1501.
>
> The relevant facts in this case allowed us to determine that [Appellee] demonstrated good faith efforts to serve Defendant Li with the Complaint. The Writ of Summons was initially filed on April 27, 2017. [Appellee] provided documentation showing that the Monroe County Sheriff's Office attempted to serve Defendant Li five (5) times between April 22, 2017 and May 22, 2017. See *Exhibit B to Motion to Dismiss*. [Appellee] provided proof that the Writ of Summons was reinstated several times over the course of this case, that she attempted to serve Defendant Li with the multiple Amended Complaints through the Pike County Sheriff's Office, and that counsel attempted to confirm service with both the Pike County and Monroe County Sheriff's Offices. See *Exhibits D, E, and F to Motion to Dismiss*. [Appellee] also received a completed change of address form from the postmaster for East Stroudsburg which indicated that [Appellee] was serving Defendant Li at the correct address. See *Exhibit G to Motion to Dismiss*. Finally, we engaged in an analysis of the relevant case law in comparison to the facts of this case at page 6 of our June 6, 2018[,] Order:
>
> > "Unlike in *Lamp*, [Appellee] did not instruct the Pike County Prothonotary to issue the writ but not to deliver it to the sheriff. It is not averred that [Appellee] was careless or simply forgot to take the necessary steps in order to effectuate service as in *Farinacci*. Unlike in *Moses*, [Appellee] has demonstrated through documentation that he has attempted to serve [Appellant]. [Appellee] was attempting to effectuate service upon Defendant Li through public officials rather than a private process server in *Witherspoon*. As in *McCreesh*, we do not find that Defendant Li has sufficiently demonstrated any prejudice to him, again

- 11 -

> noting that [Appellee] has not attempted to stall the judicial machinery since commencing this action. Finally, the facts of this case are clearly not analogous to *Johnson*, in which counsel hired a private investigator but neglected to maintain contact with him."
>
> We ultimately determined, pursuant to our discretion as the trial court, that [Appellee] did not attempt to stall this case from moving forward nor w[ere] [Appellants] prejudiced in this matter. Therefore, we respectfully request that the Superior Court find that this [c]ourt did not err or abuse its discretion in denying the Motion to Dismiss for Failure to Serve Complaint.

Trial Court Opinion, filed 5/16/19, at 4-5 (unnumbered).

Following our review of the entire record, we agree that the facts of this case do not support dismissal. Appellee initiated the instant lawsuit sounding in medical negligence by filing a writ of summons against Appellants on April 27, 2017, which tolled the statute of limitations.[4] On June 14, 2017, Appellee filed the initial complaint, and filed her Fourth Amended Complaint on December 4, 2017. A Sheriff Service Process Receipt form and an Affidavit of Return filed on June 28, 2017, reflect that in the interim, Sheriff Service was attempted upon Appellants five (5) times with no contact or response to business cards left by the Sheriff. In addition, Appellee filed numerous praecipes to reissue the Writ of Summons and the Complaint between the first

---

[4] The statute of limitations for medical malpractice and wrongful death actions in Pennsylvania is two years. 42 Pa.C.S.A. § 5524. Appellee's decedent died on May 1, 2015, and according to Appellee his death was caused by the negligent actions of Dr. Li; therefore, the statute of limitations would have expired on May 1, 2017.

filing the complaint on April 27, 2017, and its fourth amended version on December 4, 2017.

Also on December 4, 2017, Appellee filed a Motion for a Special Order for Alternative Service. Therein, she explained that although the Monroe County Sheriff's Office Affidavit of Return was affirmed on May 26, 2017, it was not mailed to counsel until June 28, 2017, and was received on July 3, 2017. *See* Motion at ¶ 5. Appellee then chronicled the dates upon which the complaints and preliminary objections thereto were filed along with her attempts to perfect service. *Id*. at ¶¶ 8-20. Appellee indicated that the Monroe County Sheriff's Service Affidavit of Return form dated September 20, 2017, was sent to counsel on October 3, 2017. Appellee explained that the Postmaster for the East Stroudsburg post office thereafter returned a completed Change of Address Request form that indicated no new address for Defendant Li other than what Appellee believed to be Defendant Li's current and only known address. *Id*. at 20-22.

At the argument held on March 26, 2018, counsel for Appellee explained the reasoning behind the steps he took to effectuate service of the complaint as follows:

> [Appellants' counsel] asked me why service wasn't attempted at apparently what is a business address of Dr. Li's in Pike County. First of all, the Rules of Service don't require multiple addresses to be attempted for service including a business address. I believe it is a permissive Rule that may be used. But my information, based on the due diligence that was engaged in was that Dr. Li was subject to a Federal Indictment regarding his ability to practice law- I'm sorry practice medicine; that his right

- 13 -

to issue prescriptions by the federal government had been revoked. It was my understanding that he was not engaged in the practice of medicine anymore. Similarly, there is also no guarantee that attempts of service at this address that is being referenced would have even been effective. For whatever reason, he may not have been practicing. He may not have been seeing patients there. Due diligence was performed. We had a good address for him. There is still no explanation as to why service could not have been effectuated or was not effectuated at the address that was being attempted. It is on the record. It is referenced by the Movant that Dr. Li was in receipts of the Sheriff's card which was left for him presumably every time service was attempted and that he then had to call. He knew about the law suit. Attorneys entered their appearance shortly after the first attempts at service and as my opposition stated multiple filings were made. The entry of appearance, a Rule to Show Cause filed the Complaint, several rounds of Preliminary Objections. So to take the position that Dr. Li needed to know if he was in or if he was out; it is quite clear that he was in. There was never a conversation about dropping him from the caption as a named Defendant. They knew attempts were being made of service. Relative to the attempts at service there was never any delay or dragging of the feet or attempts to stall the judicial machinery as the majority opinion came down in the *Lamp versus Heyman* case. The very day that the Writ was filed timely I personally walked across the street to request that the Sheriff's Office perform- serve the Writ on Dr. Li. In *Lamp versus Heyman* I think there was eighteen months that went by with the file on hold. And the other cases are distinguishable as well.

In *Ferinacci* the Writ was not sent to the Sheriff for service until almost forty days later.

In *Moses* more than five months elapsed before either a Praecipe was filed or service was attempted.

In the instant case Your Honor like I just said I personally delivered the Writ for Service to the Sheriff's Office. As soon as I found out- as soon as the Affidavit of Attempted Service was returned from Pike County we performed further due diligence and asked that they re-serve it. We reinstated the Writ and later on the Complaint after the Complaint was filed timely pursuant to Rule 401(b)(2) and 401(b)(5).

If I had requested relief from Your Honor of Filing a Motion for Alternative Service after that first attempt, I feel like that would have been denied. I feel like it wasn't ripe at that point in time. I feel like it wasn't timely. Therefore, I made further

attempts at service including asking Pike County to again deputize Monroe County to serve Dr. Li at that address I had because nothing came back that that wasn't a good address. It wasn't that it was an abandoned house. It wasn't that it was a commercial property where nobody would be at a regular basis. It came back that simply after several attempts they could not find him. They could not locate him, but that a card had been left. I never got a response back from opposing counsel saying that you know, Dr. Li did not have the card. The cases make clear that what it comes down to is not notice on the [p]laintiff's part that their [sic] attempts of service have not been effective. It's, did the Defendant have notice of the Claim? That's what ultimately the underlying basis for the Lamp and its progeny decisions are.

\*\*\*

Additionally, this would be a very penal and prejudicial result should the [c]ourt grant [Appellants'] Motion. And very prejudicial to [Appellee] while on the flip side there is not prejudice to [Appellants]. [Defendant Li] has been represented. He has known he has been involved in this law suit the entire time. They have vigorously defended him by filing multiple [m]otions; [m]otion after [m]otion, [p]reliminary [o]bjections.

Hearing, 3/26/18, at 14-19.

As our Supreme Court held in *McCreesh*, *supra*, 888 A.2d at 674, only those claims "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant" should be dismissed. In light of the foregoing, there is no evidence that Appellee's delay in effecting service was done with "an intent to stall the judicial machinery." *See also Lamp*, *supra*.

Additionally, Appellants have not demonstrated prejudice in this case, for counsel admitted to the trial court that Defendant Li was aware of the lawsuit and that counsel was actively filing preliminary objections and

discussing the case with Defendant Li throughout the proceeding. *Id*. at 12. Thus, we find that the trial court did not err or abuse its discretion in denying Appellants' Motion to Dismiss for Failure to Serve Complaint raised in their Preliminary Objections to Appellee's Fourth Amended Complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/19