J-A07007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MILDRED ROSENBERG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| READING HOTEL PARK, INC. | : | No. 1169 MDA 2020 |

Appeal from the Order Entered August 3, 2020
In the Court of Common Pleas of Berks County Civil Division at No(s):
18-CV-12763

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:          **FILED: JUNE 14, 2021**

Mildred Rosenberg ("Plaintiff") appeals from the order entered on the docket on August 3, 2020, sustaining Reading Hotel Park, Inc.'s ("Reading Hotel" or "Defendant")) preliminary objections to her amended complaint based on improper service and dismissing her case with prejudice.  After careful review, we reverse the order to the extent it sustained the preliminary objections, vacate the order insofar as it dismissed the action, and remand.

On April 28, 2017, Ms. Rosenberg tripped over a splintered part of a wooden threshold while she was a guest at the Inn at Reading, then allegedly owned by Reading Hotel.  She filed a complaint in negligence on June 21, 2018, seeking damages for injuries she sustained, and delivered the complaint to the sheriff of Berks County with directions to serve Reading Hotel at the

_____

[*] Former Justice specially assigned to the Superior Court.

Inn at Reading, located at 1040 North Park Road, Wyomissing, Lackawanna County, Pennsylvania. A sheriff's return of non-service was filed on July 16, 2018, indicating that the manager of the building at that location advised that the Inn was under new ownership and the address of the former owner was unknown.[1]

Ms. Rosenberg filed a *praecipe* to reinstate the complaint on July 23, 2018, but there is no return of service in the certified record that would indicate that service was attempted. However, on August 14, 2018, Attorney Chris J. Carling entered an appearance on behalf of Reading Hotel and demanded a jury trial. On November 7, 2018, Ms. Rosenberg filed a second *praecipe* to reinstate the complaint and requested that the sheriff serve Reading Hotel at 6th Avenue & Spruce Street in Reading. A sheriff's return filed on November 16, 2018, indicated that service could not be effected either at that address or the North Park Road address, and that the current owner of the Inn at Reading as of February 2018 was JSK Reading LLC.

On May 22, 2019, Reading Hotel filed a motion to dismiss the complaint for lack of timely service.[2] On that same date, May 22, 2019, Ms. Rosenberg

---

[1] The sheriff also noted on the return that although the Pennsylvania Department of State listed an address for the Inn at Reading of 6th Avenue and Spruce Street in West Reading, Pennsylvania, this intersection was actually the location of Reading Hospital.

[2] But for the filing of the complaint tolling the statute of limitations, the two-year statute of limitations for personal injury actions would have run on April 28, 2019.

- 2 -

reinstated the complaint and filed a motion for alternate service. She pled the following. The sheriff had attempted to serve Reading Hotel at the business premises of the Inn at Reading but was informed that the Inn had been sold and the new owners had no address for the former owners. Motion for Alternate Service, 5/22/19, at ¶ 2 (refencing Exhibit B). Unable to locate the business named in her complaint, Plaintiff forwarded a copy of the complaint to the insurer for Reading Hotel. *Id*. at ¶ 4 (referencing Exhibit C). Plaintiff also lodged a Freedom of Information Act ("FOIA") inquiry with the United States Postal Service ("USPS") in an effort to locate a new address for Reading Hotel but received only the same address where service could not be achieved. *Id*. at ¶ 6 (referencing Exhibit D). Plaintiff requested that she be permitted to serve Reading Hotel by regular mail.

By order of May 28, 2019, the trial court denied Reading Hotel's motion to dismiss and granted Plaintiff's motion for alternative service. The court ordered Plaintiff to "serve the complaint on defendant's counsel, William J. Ferren & Associates and Chris J. Carling, Esquire and by regular mail to defendant's last known address." Order, 5/28/19, at 1. The docket indicates that the Prothonotary sent a copy of this order to defense counsel by regular mail.

On July 29, 2019, Reading Hotel filed preliminary objections in the nature of a demurrer to Plaintiff's complaint based on the lack of timely and proper original service of process and averments of willful and wanton conduct

- 3 -

that were not supported by the factual allegations. With regard to service of process, it alleged therein that on July 8, 2019, a copy of the complaint was hand-delivered at the office of defense counsel "by an unidentified male in ordinary street clothes . . . with no cover letter," and that "to date, there is no affidavit of service or Sheriff's Return on the docket to evidence service." Preliminary Objections, 7/29/19, at 2-3. Furthermore, Reading Hotel averred that the complaint was no longer viable when served as more than thirty days had elapsed since its reinstatement. *Id*. at 4. In short, Reading Hotel maintained that Plaintiff's service violated Pa.R.C.P. 400(a), 401(a), and 401(b).

One day later, on July 30, 2019, Ms. Rosenberg filed a *praecipe* to reinstate the complaint, and directed the sheriff to serve the complaint upon defense counsel at their offices in Moosic, Pennsylvania. The sheriff of Berks County deputized the sheriff of Lackawanna County on August 12, 2019, and, according to the sheriff's return of service, "the reinstated complaint and notice" was personally served upon Attorney Chris Carling on September 3, 2019. Sheriff's Return of Service, 9/3/19, at 1. In the meantime, on August 16, 2019, Plaintiff had filed an amended complaint in which it removed all

allegations of willful and wanton conduct that were the subject of Reading Hotel's other preliminary objections.[3]

Thereafter, on January 3, 2020, Plaintiff served discovery requests upon Reading Hotel. When no responses were provided, Plaintiff filed a motion to compel on February 21, 2020, which the trial court granted on February 25, 2020. On March 30, 2020, Reading Hotel filed a motion for reconsideration of the motion to compel discovery, as well as preliminary objections to the amended complaint alleging that the trial court lacked jurisdiction over Reading Hotel because Ms. Rosenberg had failed to effectuate timely and proper service of original process and the claim had expired.[4] Reconsideration was granted, and the court scheduled argument on both the motion and preliminary objections.

Ms. Rosenberg filed a response in opposition to the preliminary objections on April 17, 2020, in which she maintained that service of process

---

[3] Reading Hotel maintains that it was served with the reinstated original complaint on September 3, 2019, which was superseded by the amended complaint filed on August 16, 2019. Ms. Rosenberg contends that she provided a copy of the amended complaint to the sheriff for service on August 19, 2019, and the sheriff served the amended complaint, not the original complaint, on September 3, 2019. This factual dispute, which the trial court resolved in favor of Reading Hotel, is not relevant to our disposition.

[4] Defense counsel maintained that he only became aware of the amended complaint and its contents by accessing the on-line docket.

was effected on July 8, 2019.[5] In support thereof, she appended the affidavit of service from process server Brian Duffy dated July 12, 2019, and counsel's affidavit attesting that she sent the complaint by regular mail to the last known address of Reading Hotel. Plaintiff continued to maintain that the sheriff served the amended complaint on September 3, 2019, and that the sheriff of Berks County mistakenly noted it on the docket as service of the reinstated original complaint. She also alleged that Reading Hotel's preliminary objections to the amended complaint filed on March 30, 2020, were untimely.

Following oral argument on both the motion and preliminary objections, the court found that Plaintiff had failed to effectuate timely and proper service of original process, sustained the preliminary objections to the amended complaint, and dismissed the case with prejudice by order dated July 31, 2020, and docketed on August 3, 2020. Ms. Rosenberg timely appealed and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court penned its Rule 1925(a) opinion.

Ms. Rosenberg presents one issue for our review: "Did the Honorable Jeffrey K. Sprecher abuse his discretion or commit an error of law when he dismissed [Ms. Rosenberg's] amended complaint upon [Reading Hotel's]

---

[5] The response in opposition to preliminary objections stated that service was effectuated on July 8, 20**20**. We believe this was a typographical error and that it was intended to read July 8, 20**19**.

- 6 -

preliminary objections for an alleged defect in service?" Appellant's brief at 4 (unnecessary capitalization omitted).

Ms. Rosenberg contends that she effectuated proper service of the complaint pursuant to the court's May 28, 2019 order on July 8, 2019, and that Reading Hotel's preliminary objections were untimely and argument was improper. *See id*. at 7. In the alternative, if that service was indeed defective, Ms. Rosenberg maintains that the proper remedy would have been to set aside the service rather than dismissing the complaint. *Id*.

The law is well settled that a defendant may file a preliminary objection on the basis that the plaintiff did not serve the complaint properly. *See* Pa.R.C.P. 1028; *see also Frick*, *v. Fuhai Li*, 225 A.3d 573 (Pa.Super. 2019). In reviewing a trial court's order sustaining preliminary objections for improper service of process,

> [o]ur standard of review . . . is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 162 (Pa.Super. 2013) (citation omitted).

- 7 -

As this Court reiterated in **Fonzone v. Tribune Corp.**, 52 A.3d 375, 376 (Pa.Super. 2012):

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her.

**Id**. (quoting **Cintas Corp. v. Lee's Cleaning Servs.**, 700 A.2d 915, 917-18 (Pa. 1997)).

Generally, "original process shall be served within the Commonwealth only by the sheriff" "within thirty days after issuance of the writ or the filing of the complaint." Pa.R.C.P. 400(a);Pa.R.C.P. 401(a). However, when service is not made within the prescribed times, upon the filing of a *praecipe*, "the prothonotary shall continue the validity of the original process by reissuing the writ or reinstating the complaint." Pa.R.C.P. 401(b)(1). A complaint can be reinstated "at any time and any number of times." Pa.R.C.P. 404(a). However, in order for a complaint to remain effective, our Supreme Court held in **Lamp v. Heyman**, 366 A.2d 882, 889 (Pa. 1976), that the plaintiff must "refrain. . . from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion" and "comply with local practice as to the delivery of the [complaint] to the sheriff for service." As our High Court clarified a decade later in **Farinacci v. Beaver County Industrial Development Authority**, 511 A.2d 757, 759 (Pa. 1986), "**Lamp** requires of

plaintiffs a good-faith effort to effectuate notice of commencement of the action." Even negligence or mistake resulting in the failure to meet the requirements for service might violate **Lamp**'s the good-faith requirement. **Bigansky v. Thomas Jefferson University Hosp.**, 658 A.2d 423, 434 (Pa.Super. 1995) (a showing of bad faith or overt acts to delay service is not required to trigger **Lamp**). "What constitutes a 'good-faith' effort to serve legal process is a matter to be assessed on a case by case basis." **Devine v. Hutt**, 863 A. 2d 1160, 1168 (Pa.Super.2004) (citations omitted).

In **McCreesh v. City of Philadelphia**, 888 A.2d 664, 674 (Pa. 2005), our Supreme Court stated that when a defendant has actual notice of an action, dismissal for lack of service will be appropriate "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." In other words, "a plaintiff will not be punished for technical missteps if he has satisfied the statute of limitations by supplying a defendant with actual notice." **Id**. at 672.

Against this background, our Supreme Court recently decided **Gussom v. Teagle**, 247 A.3d 1046, 2021 Pa. LEXIS 1218 (Pa. 2020). Therein, the High Court reaffirmed that "[s]o long as the plaintiff files her writ or complaint before the expiration of the statute of limitations applicable to her cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations." However, citing **Farinacci**,

*supra* at 759, the Court reiterated that a plaintiff has the "burden of proving that she made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant."

In **Gussom**, prior to the expiration of the statute of limitations, the plaintiff had filed an affidavit of non-service for one address in Philadelphia. Although she learned that the defendant had sold the house one and one-half years before and moved to Virginia, the docket indicated that the plaintiff took no further action until she filed a *praecipe* to reinstate the complaint about five weeks after the statute would have expired. The defendant filed preliminary objections to service, but the plaintiff did not file a response and made no effort to produce evidence that she had made a good faith effort to serve the complaint. Finding that the plaintiff offered no proof that she acted diligently to locate and serve the defendant prior to the expiration of the statute of limitations, the Court found that the plaintiff had failed to sustain her burden. Moreover, although defense counsel was aware of the lawsuit, the Court found it "unclear" whether the defendant was ever properly served or had notice of the lawsuit, and thus, **McCreesh** was unavailing.

The **Gussom** Court concluded the plaintiff carries an evidentiary burden to prove that she made a good-faith effort to effectuate timely service of process. When the defendant disputes that a good-faith effort was made, the plaintiff bears the burden of proving otherwise. The Court noted, however, that if the plaintiff offers credible evidence that she attempted service, she

has fulfilled her requirement of good faith.  **Gussom**, **supra** at *27.  Even improper diligent efforts at service that result in the defendant receiving actual notice of the action will suffice unless the failure to serve properly was intended to stall the judicial machinery or prejudice the defendant.  **Id**.

In light of the foregoing precedent, we examine the facts herein.  The certified record establishes that Ms. Rosenberg filed her complaint well in advance of the expiration of the two-year statute of limitations.  Plaintiff immediately directed the sheriff to serve the complaint upon Reading Hotel at its place of business, the Inn at Reading.  This was a proper attempt at service of process pursuant to Rule 401.  The sheriff was unable to serve Reading Hotel at that location because the Inn at Reading was under new ownership and the sheriff was advised by the new owner that he did not have an address for the former owners.  Accordingly, the sheriff filed of record a return of non-service.

Ms. Rosenberg reinstated the complaint and had the sheriff attempt to serve it at the address listed for Reading Hotel by the Secretary of State, and again at the address of the Inn.  The sheriff was unable to effect service at either location as evidenced in its second affidavit of non-service.  Thus, the record establishes that Ms. Rosenberg attempted to locate Reading Hotel and twice attempted to have the sheriff effect service before the expiration of the statute of limitations, all to no avail.

On May 22, 2019, Ms. Rosenberg filed a *praecipe* to reinstate the complaint and a motion for alternate service pursuant to Pa.R.C.P. 430. Rule 430 provides recourse for a plaintiff whose attempts to locate a defendant for purposes of making service pursuant to the Rules have been unsuccessful. In order to obtain permission to proceed with alternative service, the rule requires the plaintiff to attach an affidavit detailing the good-faith efforts made locate and serve the defendant, and to propose an alternative method of service reasonably calculated to provide the defendant with notice. The comment to Rule 430 lists examples of what constitutes a good faith effort to locate a defendant, which includes among others, "inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265." Pa.R.C.P. 430, Comment. In her Rule 430 motion, Ms. Rosenberg described her attempts at service through the sheriff. She also averred that she had initiated a FOIA inquiry with the USPS to locate an address for Reading Hotel but received only the same address where service had previously been unsuccessful. She asked the court to permit her to serve Reading Hotel by regular mail at its last known address.

On the same day, Reading Hotel filed a motion to dismiss for lack for service. It alleged that the complaint had not been reinstated and no attempt at service made since November 2018, and hence, the court lacked jurisdiction. Reading Hotel maintained further that the complaint was dead, the statute of limitations had run, and that Ms. Rosenberg could not "institute

or maintain a viable claim" against Reading Hotel. *See* Motion to Dismiss, 5/22/19, at 3. By order dated May 28, 2019, the trial court denied the motion to dismiss and granted Ms. Rosenberg's motion for alternative service. The trial court directed Plaintiff to serve the complaint upon defense counsel and send the complaint by regular mail to Reading Hotel's last known address. Thereafter, Plaintiff's counsel mailed a copy of the complaint by United States mail to the last known address of Reading Hotel. On or about Monday, July 8, 2019, a copy of the complaint was hand-delivered to and accepted by an employee of defense counsel's law office.

On July 29, 2019, Reading Hotel filed preliminary objections to service. It alleged that the July 8, 2019 service of the complaint by a process server rather than the sheriff was improper and that the reinstated complaint was dead when it was served more than thirty days after its reinstatement. Plaintiff countered that the service rules were not applicable because alternative service had been ordered. Nonetheless, Ms. Rosenberg filed a *praecipe* to reinstate the complaint on July 30, 2019, and arranged for the sheriff to serve it and a notice to defend upon defense counsel.

Thereafter, on August 16, 2019, Plaintiff filed an amended complaint.[6] It is noted on the docket that this pleading did not contain a notice to defend,

---

[6] Ms. Rosenberg was permitted to file an amended complaint within twenty days of the filing of preliminary objections, and the amended complaint herein was timely.

which was required under the rules. **_See_** Pa.R.C.P. 1018.1(a) (providing "Every complaint filed by a plaintiff . . . shall begin with a notice to defend in substantially the form set forth in subdivision (b)"). Although Ms. Rosenberg contends that the sheriff served the amended complaint on September 3, 2019, Reading Hotel's contrary contention that the sheriff served the original complaint on that date is supported by the record. According to Reading Hotel, it only learned that an amended complaint was filed when it subsequently checked the docket. In March 2020, Reading Hotel filed preliminary objections to the amended complaint. In anticipation that Ms. Rosenberg would argue that the aforementioned preliminary objections were untimely filed, Reading Hotel pointed out that absent a notice to defend on the amended complaint, it had no obligation to file any response at all.

By order dated July 31, 2019, and entered on the docket on August 3, 2020, the trial court sustained Reading Hotel's preliminary objections and dismissed the complaint with prejudice. The trial court found that although effective service was made in September 2019, it was late. Moreover, the original complaint was served rather than the superseding amended complaint. Trial Court Opinion, 10/15.20, at 3. The court called the delay in service "inexcusable" since Plaintiff had counsel's address. **_Id_**. at 3. It concluded that, "despite the passage of almost two years from the filing of the original complaint, plaintiff never properly served defendant even though this court had granted plaintiff ample opportunity to accomplish effective service

in the case *sub judice*." ***Id***. at 4. The court also found that plaintiff's counsel did not make a good-faith effort to effectuate service, and cited ***Feher by Feher v. Altman***, 515 A.2d 317 (Pa.Super. 1986), in support of its conclusion that, "[a]t a minimum, the good faith requirement mandates compliance with the Pennsylvania Rules of Civil Procedure and local practice." ***Id***. at 4.

We discern multiple errors in the trial court's analysis. First, the trial court's May 28, 2019 order granting Plaintiff's motion for alternative service indicates that the trial court believed, as of that date, that Plaintiff had made the requisite showing of a good-faith effort to serve Reading Hotel pursuant to the service rules. In addition, counsel for Reading Hotel received notice of the order granting alternative service and did not challenge the propriety of that decision or the manner of service. Moreover, in light of the fact that defense counsel entered an appearance early in the litigation, we find that the substituted service ordered by the court was reasonably calculated "to give the party actual notice of the pending litigation adequate to satisfy due process." ***See PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 230 (Pa.Super. 2007) (quoting ***Romeo v. Looks***, 535 A.2d 1101, 1105 (Pa.Super. 1987) (*en banc*)).

Plaintiff contends, as she argued below, that the trial court erred in finding that she failed to adhere to the rules governing original service of process and dismissing the action for lack of service by the sheriff within the time allotted in the rules. She maintains that it is the trial court order dictating

the manner of alternate service that controls, not the rules. **See** Appellant's brief at 9. That order neither specified that service by the sheriff was mandated nor imposed a timeframe for service. In sum, it is Plaintiff's position that hand-delivered service by the process server complied with the order.

We find support for Plaintiff's position. This Court held in ***Bank of N.Y. Mellon v. Johnson***, 121 A.3d 1056, 1061 (Pa.Super. 2015), that once the trial court ordered alternate service of the complaint by first class mail and posting of the mortgaged property, neither Rule 405, governing proof of service by mail, nor Rule 403, which applies if a rule of civil procedure authorizes original process to be served by mail, governed the manner of service. Rather, the order controlled the manner of service. Hence, we agree with Plaintiff that once the trial court concluded on May 28, 2019, that Ms. Rosenberg had made a good-faith effort to serve Reading Hotel pursuant to the applicable service rules, and granted permission for alternative service, the order itself, not the rules governing the manner of service, dictated how service was to be made.

Our focus turns then to the question of whether Ms. Rosenberg made a good-faith effort to comply with the May 28, 2019 order dictating the manner of making alternative service. We begin with the language of the May 28, 2019 order at issue. It provides that service is to be made upon defense counsel but does not specify precisely how service is to be made. Nor does it impose a time limit upon service. Plaintiff offered proof that she hired a

certified process server to personally deliver a copy of the complaint to defense counsel's office in Moosic, Pennsylvania. The process server hand-delivered a copy of the complaint to "Maryanne," and prepared an affidavit of service describing the recipient, and the time and manner of service. Counsel for Reading Hotel does not dispute that it received the complaint and notice to defend. Rather, Reading Hotel alleges only that service was invalid as it was not accomplished by the sheriff, and further, that the complaint was dead as more than thirty days had elapsed since its reinstatement.

The order herein did not specify that service by the sheriff was required and we will not read in such a mandate.[7] We find that Plaintiff complied with the court order by arranging for a process server to personally serve the complaint upon defense counsel by hand-delivering it to the law firm's agent at its business premises. Furthermore, the fact that more than thirty days had elapsed when the complaint was served on defendant's counsel did not render the complaint a nullity. The order did not put a time limit on service. Service of the complaint within forty-one days after its reinstatement was

_____

[7] The trial court appears to have been under the misimpression that defense counsel resided outside the Commonwealth of Pennsylvania and contemplated that service would be effected within ninety days. **See** Trial Court Opinion, 10/15/20, at 3. The record indicates that defense counsel's law office is located in Lackawanna County, Pennsylvania.

reasonable and there no evidence of bad faith or intent to stall or delay the proceedings.[8]

In sum, we find that the certified record evinces that Ms. Rosenberg made a good faith effort to locate and have the sheriff serve Reading Hotel within the applicable statute of limitations. Her motion for alternative service recounted those good-faith efforts and, in permitting Rule 430 alternative service, the trial court found the requisite good faith pursuant to its May 28, 2019 order. Plaintiff established her compliance with the court's order by sending a copy of the complaint by regular mail to the last known address of

_____

[8] Since Reading Hotel was served on July 8, 2019, it was required to file a responsive pleading within twenty days, *i.e.*, July 28, 2019. Since that day was a Sunday, Reading Hotel's preliminary objections filed on Monday July 29, 2019, were timely. Ms. Rosenberg's reinstatement of the complaint thereafter and service of the reinstated complaint by the sheriff of Lackawanna County was likely undertaken out of an abundance of caution in response to those preliminary objections. Reading Hotel's preliminary objections were mooted, however, by Plaintiff's timely filing of an amended complaint on August 16, 2019. Unfortunately, according to the docket, the amended complaint did not contain the required notice to defend. *See* Pa.R.C.P. 1018.1 (requiring that every complaint, including amended complaints, include notice to defend). Due to this misstep, Reading Hotel had no obligation to file a responsive pleading to the amended complaint within twenty days, and the preliminary objections filed in March 2020, after it learned of the existence of the amended complaint, must be deemed timely. *See* Pa.R.C.P. 1026 (providing that every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead). *See also **Mother's Rest., Inc. v. Krystkiewicz***, 861 A.2d 327, 338 (Pa.Super. 2004) (same). In any event, Ms. Rosenberg filed a timely response to Reading Hotel's March 2020 preliminary objections to the amended complaint, in which she offered evidence that service was achieved on July 8, 2019.

Reading Hotel and arranging for a process server to hand deliver a copy of the complaint to the law firm's offices. Proper service was effectuated on July 8, 2019.

Thus, we conclude that the trial court erred in finding that there had been no service of the original complaint on July 8, 2019, and sustaining preliminary objections to the amended complaint based on its mistaken belief that service was achieved only on September 3, 2019, and that it was late. Accordingly, dismissal of the action was improper.

For the foregoing reasons, we reverse the August 3, 2020 order to the extent it sustained Reading Hotel's preliminary objections, vacate the order insofar as it dismissed the action, and remand for further proceedings.

Order reversed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/14/2021